WILLIAM CURTIS, plaintiff in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Madison.*

An indictment for an assault with intent to kill and murder, should not only charge the intent to have been malicious and unlawful, but the *felonious* intent, and the extent of the crime intended to be perpetrated, should be distinctly set forth.

(1) Breese 19.

AT the October term, 1833, of the Madison Circuit Court, the Hon. T. W. Smith presiding, the grand jury presented the following indictment:

"State of Illinois, } ss.
Madison County, }

Of the October term of the Madison Circuit Court, in the year of our Lord one thousand eight hundred and thirty-three, the Grand Jurors, chosen, selected, and sworn, in and for the county of Madison, in the name and by the authority of the People of the State of Illinois, upon their oaths present, That. William Curtis, on the thirty-first day of August, in the year of our Lord one thousand eight hundred and thirty-three, at the county of Madison aforesaid, with force and arms in and upon the body of one Jacob C. Bruner, then and there in the peace being, did make and assault, and him the said Jacob C. Bruner, with a certain stone and also a brickbat, which he, the said Curtis, then and there held in his right hand, did then and there beat and bruise, and otherwise ill treat, so that his life was then and there greatly despaired of, with an intent him the said Jacob C. Bruner, then and there, of his malice aforethought, to kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

JAMES SEMPLE, Att'y Gen'l."

Before pleading, the defendant moved the Court to quash the indictment, which motion was overruled. He thereupon pleaded not guilty, and the jury found him "guilty of an assault and battery." The defendant then moved to be discharged, "for the reason that the jury did not assess the fine." This motion was overruled.

The Court then sentenced him to pay a fine of $20, and to be imprisoned twenty days, and to pay the costs of the prosecution, and to be committed until the said fine and costs should be fully paid.

On the trial, the following bill of exceptions was taken :

"Be it remembered, that on the trial of this cause, the Attorney General, in behalf of the People, called a witness, who was sworn, and among other things stated that the defendant threw a stone or brickbat at him; to which statement going to the jury in evidence, the defendant by his attorney objected, which objection was overruled by the Court, to which opinion of the Court the defendant excepts. The defendant by his attorney also asked the Court to give to the jury the following instructions:

1. That they must believe that the proof corresponds with the allegations of the indictment, strictly, in every material point, otherwise they must acquit.

2. If the jury have any doubt that Curtis inflicted the wounds with a stone and brickbat which he held in his right hand, as charged in the indictment, they must acquit.

3. Evidence that the defendant inflicted the wound by throwing or casting a stone or brickbat, is not sufficient to convict under the present indictment.

All of which instructions were refused by the Court; to which opinions of the Court the defendant excepts, and prays this his bill of exceptions to be signed and sealed by the Court, and made part of the record in the above entitled cause.

THEO's W. SMITH.  [L.S.]

The defendant assigned for error the refusal of the Court to quash the indictment, and the refusal to discharge the defendant after the verdict, and the several opinions of the Court to which exceptions were taken on the trial in the Court below.

JESSE B. THOMAS, Jr. and DAVID PRICKETT, for the plaintiff in error, relied upon the following points and authorities:

1. The indictment should have been quashed,

1. Because the offence is an attempt to commit a felony, and the indictment does not allege it to have been done *unlawfully* and *feloniously*.

The criminal intent must accompany the act, and from the intention alone is it determinable whether the act be criminal or innocent: *it* is alone punishable, being the very *gist* of the charge, and certain technical words alone express that intention, according to the different degrees of guilt, and they cannot be supplied by any circumlocution.   1 East's C. L. 446–7; 1 Chit. C. L. 231, C; Curtis *v.* The People, Breese 197; and brief in case of Reuben Clark *v.* The People, and the authorities there cited.(1)

In precedents of indictments for this offence, it is charged to have been done unlawfully and feloniously.   Chit. C. L.

2. Because there is uncertainty in describing the offence committed, and the manner of its commission.

With the single exception that an indictment cannot be amended, all the rules that apply to civil pleadings, apply with increased force and greater strictness, to criminal; and an indictment should be as certain, clear, and explicit, as a declaration.  1 Sand. 250 and n. 1; 1 Chit. C. L. 169–175, 280–1; 1 Stark. Ev. 252–255; 1 Chit. Plead. 216–237, 255; 4 Blac. Com. 306–7 *et notis;* Breese 4.

II. The Court erred in permitting evidence to be given to the jury, that the defendant threw stones and brickbats at Jacob C. Bruner, and struck him therewith, under the indictment, which

(1) *Ante* 117.

Curtis *v.* The People.

charged that he struck B. with a certain stone and brickbat, which he held in his right hand.

I. The precedents all show that indictments should be framed according to the facts, as for casting stones, &c.   Chit. C. L.

III. The Court had no right to give judgment against the defendant, on a conviction of assault and battery, and should have discharged him.

1. Justices of the peace have exclusive original jurisdiction in such cases.   R. L. 410 § 12.(1)

2. The Common Law of Great Britain with regard to criminal matters, is not in force in this State.   R. L. 425,(2) 171 ;(3) enacting clause (*et seq.*) Crim. Code, 213 § 178,(4) 214 § 181, 209(5) § 159, 162.

3. The courts of this State cannot obtain jurisdiction by common law, directly or indirectly, of any matter of which their jurisdiction is taken away by statute.   R. L. 410 § 178.(1)

IV. The Court erred in giving a judgment of *fine and imprisonment* against defendant, and that he should stand committed until *fine and costs* were paid.

1. The offence is defined by the Criminal Code, and should have been punished as therein provided.   R. L. 180(6) § 51, 52, and 53 ; R. L. 209 § 159.(7)

2. If the Court had no jurisdiction in this case by the common law, they had no power to sentence defendant to imprisonment until fine and costs were paid.   R. L. 239 § 163.(8)

3. The whole course of legislation in this State, shows that *imprisonment* never was intended to be inflicted as a portion of the penalty for assaults and batteries.   R. L. 402, 411 § 12.(9)

V. The *jury,* in finding a person guilty of assault and battery, should assess the fine, and in such cases the Court has no discretionary power. R. L. 403(10) § 6, 411(11) § 12. The Court therefore erred in this case in fixing the amount of *fine,* which should have been assessed by the jury, if they had the power to find the defendant guilty of the offence.

The legislature, in providing punishments for crimes, seem to have intended, in most cases, that the measure of punishment should be determined by the jury.   *Vide* Crim. Code.

N. W. Edwards, Attorney General, for the defendants in error.

Lockwood, Justice, delivered the opinion of the Court :

Curtis was indicted for an assault with intent, of his malice aforethought, to kill and murder ; but the indictment does not

| | | |
|---|---|---|
| (1) Gale's Stat. 421. | (2) Gale's Stat. 440. | (3) Gale's Stat. 199. |
| (4) Gale's Stat. 232. | (5) Gale's Stat. 229. | (6) Gale's Stat. 206. |
| (7) Gale's Stat. 229. | (8) Gale's Stat. 229. | (9) Gale's Stat. 422. |
| (10) Gale's Stat. 416. | (11) Gale's Stat. 416. | |

charge the act to have been done *feloniously*.   On the trial the defendant was convicted of an assault and battery; and the Court below gave judgment.   The only point necessary to be decided, is, whether the indictment is sufficient.   In the case of Henry Curtis *v.* The People,(1) this very point was made, and it was held that it was necessary " That the intent should not only be charged to be in itself malicious and unlawful, but that the *felonious design* and extent of the crime intended to be perpetrated, should be distinctly set forth, otherwise the inference would be, that the assault might be excusable or justifiable." For this defect in the indictment, the judgment below must be reversed.

*Judgment reversed.*